The plaintiffs brought this action for an injunction and damages for the impairment of the beneficial use of their property allegedly caused by the defendant's alteration of the natural flow of surface water. The allegations in the complaint can be summarized as follows: The plaintiffs and the defendant are neighbors, the southerly boundary line of the plaintiffs' property being the northerly boundary line of the defendant's premises. During 1977 and 1978, the defendant constructed a house on her property. In so doing, she raised the level of her property by fill. She also placed large boulders along her common boundary with the plaintiffs' land. The effect of this grade change was to dam the natural flow of surface water from the plaintiffs' land across the previously lower property of the defendant, causing the plaintiffs' property to become inundated and ponded, thereby creating a nuisance and a dangerous condition.
The trial court granted the defendant's motion to strike, pursuant to Practice Book 152, for failure of the complaint to state a cause of action. Upon the plaintiffs' failure to replead, judgment was rendered for the defendant. The plaintiffs have appealed from that judgment.
In its memorandum of decision on the defendant's motion to strike, the trial court correctly stated that the rule had been well settled in Connecticut "that a landowner has a right to use his land as he sees fit, including the alteration of its surface or the erection of structures thereon." This rule has been held to apply even if such a use will cause surface water to accumulate on adjacent lands. Tide Water Oil Sales Corporation v. Shimelman, 114 Conn. 182, 189, 158 A. 229
(1932). This is known as the common enemy doctrine. *Page 636 
The plaintiffs do not dispute that the so-called common enemy doctrine was established law in Connecticut. They have, however, asked us to follow another rule, the rule of reasonable use which has been favored in several other jurisdictions. The reasonable use doctrine, which is essentially a tort concept, focuses on the resulting interference with another's use and enjoyment of his land. In this regard, it is similar to the nuisance concept of tort law. The main consideration there is the reasonableness of the action which altered the flow of surface water in the light of all the surrounding circumstances.
This identical question was recently decided, post-argument in this case, by our Supreme Court in Page Motor Co. v. Baker, 182 Conn. 484,438 A.2d 739 (1980). In that case, the Supreme Court indicated by way of purposeful and authoritative dictum that it is "now inclined to adopt what some jurisdictions have termed the reasonableness of use rule." Id., 488. In the light of this fundamental decision abandoning the common enemy doctrine of Tide Water, the allegations of the plaintiffs' complaint must now be reconsidered by the trial court to determine if they are sufficient to state a cause of action under our new rule of reasonableness of use.
 There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.
In this opinion ARMENTANO, DALY and BIELUCH, Js., concurred.